FILED
IN CLERK'S OFFICE
US DISTRICT COURT
E.D.N.Y.
* SEPTEMBER 13, 2023 *
BROOKLYN OFFICE

KCB:MRG/ALK/AMR
F. #2020R00939

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

DANOO NOOR,
    also known as "Dan,"

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

INDICTMENT

Cr. No. 23-CR-368
(T. 18, U.S.C., §§ 982(a)(1), 982(a)(2), 982(b)(1), 1344, 1957, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p))

Judge Diane Gujarati
Magistrate Judge Cheryl L. Pollak

THE GRAND JURY CHARGES:

COUNT ONE
(Bank Fraud)

1.    In or about and between January 2021 and May 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DANOO NOOR, also known as "Dan," together with others, did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud a financial institution, to wit: TD Bank, N.A., the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets and other property owned by, and under the custody and control of, such financial institution by means of materially false and fraudulent pretenses, representations and promises, to wit: falsely stating in loan application documents that all Paycheck Protection Program loan proceeds would be used only for permissible business-related purposes for MDX Solutions Group, Inc., when in fact NOOR intended to use, and used, the

proceeds to purchase, via a shell company, a condominium in Aventura, Florida, for personal use.

(Title 18, United States Code, Sections 1344, 2 and 3551 et seq.)

## COUNT TWO
(Unlawful Monetary Transactions)

2. In or about May 2021, within the Eastern District of New York and elsewhere, the defendant DANOO NOOR, also known as "Dan," together with others, did knowingly and intentionally engage in one or more monetary transactions in and affecting interstate commerce in criminally derived property that was of a value greater than $10,000, to wit: the purchase of a condominium in Aventura, Florida, and that was derived from specified unlawful activity, to wit: the crime charged in Count One.

(Title 18, United States Code, Sections 1957, 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE

3. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2), which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense, including but not limited to the real property located at 2960 Northeast 207th Street, Unit 715, Aventura, Florida 33180.

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

  (Title 18, United States Code, Section 982(a)(2); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT TWO

  5. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property, including but not limited to the real property located at 2960 Northeast 207th Street, Unit 715, Aventura, Florida 33180.

  6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

     (e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

   (Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

*By Carolyn Pokorny, Assistant U.S. Attorney*
_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2020R00939

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

DANOO NOOR,

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 982(a)(1), 982(a)(2) 982(b)(1), 1344, 1957, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day, of* _____ *A.D. 20* \_\_

_____
*Clerk*

*Bail, $* _____

*Matthew R. Galeotti, Anna L. Karamigios, and Andrew M. Roddin,*
*Assistant U.S. Attorneys (718) 254-6340/6225/6455*